# UNITED STATES DISRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| LAUREN FREEBERG,<br><br>   Plaintiff,<br><br>v.<br><br>PC BUILDING MATERIALS, INC. d/b/a<br>PC HOME CENTER,<br><br>   Defendants. | Case No. 4:21-cv-30<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Lauren Freeberg sues the Defendant, PC Building Materials, Inc. d/b/a PC Home Center ("the Company"), and for or her Complaint, Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff brings this action for declaratory, injunctive, and monetary damages, for Defendant's intentional violation of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Defendant subjected Plaintiff Lauren Freeberg to discrimination because in violation of Title VII by terminating her employment because of her pregnancy.

2. Defendant employed Plaintiff from September 24, 2018 until her wrongful termination on January 21, 2020.

3. During her employment with Defendant, Plaintiff performed her job well; Plaintiff's direct supervisor praised her work ethic, attitude, and productivity. Defendant promoted Plaintiff and gave her a raise. And Defendant did not issue Plaintiff any disciplinary write-ups during her employment, at least not until it terminated Plaintiff's employment.

1

4. It was not until after Plaintiff announced she was pregnant that Sara Stemler, Defendant's Chief Financial Officer and one of its owners, began highly scrutinizing Plaintiff's work. Ultimately, Stemler terminated Plaintiff's employment for allegedly failing to plan a company party to Stemler's satisfaction.

5. Defendant now claims, in an effort to justify Plaintiff's termination, that Plaintiff was a "persistent underperformer," even though Defendant didn't discipline Plaintiff for performance deficiencies during her employment.

6. Defendant's reasons for Plaintiff's termination are false and merely a cover-up for intentional discrimination. The true reason for Plaintiff's termination was because she was pregnant.

7. Defendant's actions violate Title VII and entitle Plaintiff to declaratory, injunctive, and monetary relief.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Indiana because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District

**PARTIES**

10. PC Building Materials, Inc. is a locally-owned lumber and hardware store. It is the largest independent, family owned supplier of building materials in the Louisville Metropolitan and southern Indiana area. Defendant's principal place of business is located at 123 Cherry St., New Albany, IN 47150.

11. Plaintiff is an individual citizen of the State of Indiana. Defendants employed Plaintiff from on or about September 24, 2018 until her termination on January 21, 2020.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the EEOC on September 8, 2020; the EEOC issued its Notice of Right to Sue on November 24, 2020.

13. Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

14. Plaintiff's employment with Defendant began in September 2018. Defendant initially hired Plaintiff as a Design Assistant.

15. Plaintiff excelled in her position as a Design Assistant.

16. In fact, Plaintiff performed well enough in her role as a Design Assistant that CFO Sara Stemler and General Manager Minette Agnew approached Plaintiff about a promotion to Marketing Coordinator. Plaintiff expressed interest in the promotion, and as a result, Defendant promoted Plaintiff to the Marketing Coordinator position in or around February 2019.

17. In her role as Marketing Coordinator, Plaintiff had responsibility for the Company's marketing efforts. In this role, Plaintiff reported directly to Agnew.

18. Agnew praised Plaintiff for her work as the Marketing Coordinator.

19. In August 2019, Plaintiff learned she was pregnant.

20. In September 2019, after being in the Marketing Coordinator role for approximately six months, Plaintiff received a $2 raise during her annual review.

21. In October 2019, Plaintiff informed Agnew that she was pregnant.

22. By early December 2019, Plaintiff began to show and her co-workers began learning she was pregnant.

23. Although Plaintiff was showing and interacted with Company owners David and Sara Stemler frequently, neither acknowledged her pregnancy.

24. In January 2020, Plaintiff was tasked with planning the employee appreciation party for January 18, 2020. Shortly before the party, Sara Stemler asked Agnew if Plaintiff was pregnant; Agnew confirmed the pregnancy.

25. During the employee appreciation party, guests complimented Plaintiff on the work she'd done in organizing the event. Indeed, during an address to Company employees, General Manager Kevin Passanisi thanked Plaintiff for her hard work in planning the party.

26. On January 21, 2020, shortly after learning of Plaintiff's pregnancy, Sara Stemler directed Agnew to terminate Plaintiff's employment.

27. The purported reason for Plaintiff's termination was Stemler's dissatisfaction with the employee appreciation party; this reason is pretext for discrimination.

28. Stemler herself played a significant role in planning and organizing the employee appreciation party.

29. Stemler made mistakes during the organizing process, including making misspellings on name tags. Stemler blamed her own mistakes on Plaintiff in an effort to contrive reasons for Plaintiff's termination.

30. Agnew told Plaintiff that Stemler wanted Agnew to terminate Plaintiff's employment. Agnew also told Plaintiff that she (Agnew) would try to persuade Stemler to change her mind because Agnew didn't believe Plaintiff should be fired.

31. Agnew tried, but was unsuccessful, in changing Stemler's mind to terminate Plaintiff. Stemler forced Agnew to carry out the termination of Plaintiff's employment, even though Agnew didn't believe Plaintiff should be terminated.

32. During the termination meeting, Agnew was so upset by the termination that she cried in Plaintiff's presence.

33. Defendant terminated Plaintiff's employment without ever writing up Plaintiff, in violation of Defendant's own personnel policies.

34. Defendant terminated Plaintiff for being pregnant.

35. Defendant's reason for Plaintiff's termination was pretextual.

36. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

### COUNT I – PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

38. When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

39. Defendants' actions in terminating Plaintiff constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981A.

40. Defendant has willingly and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

41. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

42. Accordingly, Defendants are responsible for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for violation of Title VII of the Civil Rights Act of 1964:

a. an award of damages, including but not limited to back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and all other relief available under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981A;

b. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights;

c. injunctive relief directing Defendant to refrain from violating the Act;

d. and all other just and proper relief in the premises.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 18, 2021

        Respectfully submitted,

        *s/ J. Corey Asay*
        J. Corey Asay
        Morgan & Morgan, P.A.
        333 W Vine St., Ste 1200
        Lexington, KY 40507
        Tel: (859) 286-8368
        Fax: (859) 286-8384
        Email: casay@forthepeople.com

        *Counsel for Plaintiff*